POTTER HANDY, LLP
Mark Potter, Esq. SBN 166317
Christina Sosa, Esq. SBN 280048
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
Fax: (888) 422-5191
mark@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. ESPARZA and BEATRIZ CARVAJAL<br>      Plaintiffs,<br><br>v.<br><br>WELK RESORT GROUP, INC.<br><br>      Defendant. | Case No. **'14CV1278 BEN JMA**<br><br>Complaint for Damages and Injunctive Relief Pursuant to:<br><br>1) The Fair Credit Reporting Act, 15 USC §1681 et seq.<br><br>Demand For Jury |

    Plaintiffs Mario A. Esparza and Beatriz Carvajal (hereinafter "Plaintiffs") hereby complain and allege as follows:

### I. INTRODUCTION

1. This action is brought by two individual consumers on behalf of themselves for Defendant WELK RESORT GROUP, INC.'s violation of the Fair Credit Reporting Act, 15 USC §1681 et seq. ("FCRA"), which prohibits a person from using or obtaining a consumer report for any purpose unless for a purpose for which the consumer report is authorized to be furnished under the FCRA and prohibits a consumer reporting agency from furnishing a consumer report relating to any consumer in connection with any credit or insurance

transaction that is not initiated by the consumer unless the consumer authorizes the agency to provide the report to such person.

2. Defendant offered Plaintiffs an upgrade of their membership under the Welk Resorts Platinum Group. Plaintiffs agreed on the ground that no credit inquiry would be made to appear on their credit reports. Despite Defendant's agreement to accept recent reports directly from the Plaintiffs, it proceeded to make inquiries on Plaintiffs' credit reports.

## II. PARTIES

3. Plaintiffs Mario A. Esparza and Beatriz Carvajal are natural persons who resided in San Diego County, California at all relevant times.

4. Defendant WELK RESORT GROUP, INC. ("Welk Group") is a California corporation that regularly conducts business in San Diego County, and which has its corporate headquarters located at 300 Rancheros Drive Suite 450, San Marcos, California. Welk Group operates Interval International premier vacation home properties, theatres, golf facilities, and resort hotels in various locations.

## III. JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Fair Credit Reporting Act, 15 U.S.C.A. §1681, et seq.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that a substantial part of the events or omissions giving rise to the claim occurred in this district and that Plaintiffs' cause of action arose in this district.

///
///

Complaint

## IV. FAIR CREDIT REPORTING ACT, 15 U.S.C.A. §1681, ET SEQ.

7. Congress enacted the Fair Credit Reporting Act, "FCRA," in 1970 to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

8. The FCRA seeks to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

9. Under 15 U.S.C. §1681b(f), a person is prohibited from using or obtaining a consumer report for any purpose unless for a purpose for which the consumer report is authorized to be furnished under the FCRA.

10. Under 15 U.S.C. §1681b(c), consumer reporting agency is prohibited from furnishing a consumer report relating to any consumer in connection with any credit or insurance transaction that is not initiated by the consumer unless the consumer authorizes the agency to provide the report to such person.

## V. FACTS

11. Plaintiffs Mario A. Esparza and Beatriz Carvajal are natural persons and San Diego County residents.

12. Plaintiffs are joint tenant members of the Welk Group.

13. On or about September 25, 2013, Defendant offered Plaintiffs an upgrade of their membership to the Welk Resorts Platinum Group.

14. On or about September 25, 2013 Plaintiffs communicated that they were only interested in the upgrade if it could be purchased without Defendant making a credit request that would appear on Plaintiff's credit report.

Complaint

15. On or about September 25, 2013, Defendant informed Plaintiffs that no credit request would be made. Based upon that representation, Plaintiffs authorized Defendant to move forward with the sale of the upgrade.

16. Defendant agreed to process the upgrade of Plaintiffs' membership without the signed Credit Application and Statement of Facts, provided that Plaintiffs submit documents showing their credit report scores which are not more than thirty (30) days old.

17. On or about September 29, 2013, Defendant made an unauthorized request of credit information about the Plaintiffs from one more credit reporting agency. This request appeared and continues to appear on Plaintiffs' credit report.

18. The unauthorized inquiry made by Defendant on Plaintiffs' credit histories appear on their credit reports and will remain therein for two (2) years. The reports likewise state that hard inquiries may impact Plaintiffs' credit scores.

## VI. CAUSES OF ACTION

### FIRST COUNT
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C.A. §1681, ET SEQ.

19. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

20. Defendant's violations of the FCRA include, but are not limited to, the following:
    a. Defendant violated 15 U.S.C. §1681b(f) in conjunction with 15 U.S.C. §1681b(c) by using or obtaining a consumer report for a purpose not authorized under the FCRA since the transaction for which the consumer report was obtained or used was not initiated by the

4

consumer and it was done without the consumer authorizing the agency to provide such report to Defendant.

    b. On or about September 29, 2013, Defendant obtained Plaintiffs' credit reports despite explicit instruction from Plaintiffs that it was not authorized to do so and despite an explicit representation that it would not do so.

21. As a result of Defendant's violations of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, costs, injunctive relief, and attorney's fees.

## SECOND COUNT
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C.A. §1681, ET SEQ.

22. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

23. Defendant's violations of the FCRA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1681b(f) in conjunction with 15 U.S.C. §1681b(c) by using or obtaining a consumer report for a purpose not authorized under the FCRA since the transaction for which the consumer report was obtained or used was not initiated by the consumer and it was done without the consumer authorizing the agency to provide such report to Defendant.

    a. On or about September 29, 2013, Defendant obtained Plaintiffs' credit reports despite explicit instruction from Plaintiffs that it was not authorized to do so and despite an explicit representation that it would not do so.

5

Complaint

24. As a result of Defendant's violations of the FCRA, Plaintiffs are entitled to actual damages, costs, injunctive relief, and attorney's fees.

## VIII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

1. Actual and punitive damages and reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and 1681o.
2. Any other relief the Court may deem just and proper.

Dated: May 21, 2014                                POTTER HANDY, LLP

By:_____
Christina Sosa, Esq.
Attorneys for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: May 21, 2014                                POTTER HANDY, LLP

By:_____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint