# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ESPARZA and BEATRIZ CARVAJAL,<br><br>　　　　Plaintiffs,<br>　vs.<br>WELK RESORT GROUP, INC.,<br>　　　　Defendant. | CASE NO. 14CV1278 BEN (JMA)<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Docket No. 8] |

Defendant Welk Resort Group, Inc. moves to dismiss Plaintiffs Mario Esparza and Beatriz Carvajal's First Amended Complaint ("FAC"). Defendant asserts that the FAC fails to allege willful conduct by Defendant to support a willful violation of the Fair Credit Reporting Act ("FCRA") and fails to allege actual damages as required for a negligent violation of the FCRA. Plaintiffs have filed an Opposition to the motion. (Docket No. 9.) Defendant has filed a Reply. (Docket No. 10.) Because the Court finds Plaintiffs have adequately alleged willful conduct and actual damages, the motion to dismiss is **DENIED**.

## BACKGROUND[1]

Plaintiffs allege that Defendant offered Plaintiffs a membership upgrade to the Welk Resorts Platinum Group. Plaintiffs indicated they were only interested if

---

[1] The following background is drawn from the allegations of Plaintiffs' FAC. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating Defendant's motion to dismiss.

1  Defendant would not run their credit. Plaintiffs had been carefully monitoring their
2  credit scores in preparation for purchasing a home and were not authorizing credit
3  inquiries. On September 25, 2013, Defendant informed Plaintiffs that no credit inquiry
4  would be made and Plaintiffs agreed to accept the upgrade offer on that condition.
5  Plaintiffs allege they only agreed to the upgrade on the condition that Defendant would
6  not make an inquiry on Plaintiffs' credit reports.

7  Despite this agreement, on September 29, 2013, Defendant ran Plaintiffs' credit
8  without authorization. The unauthorized requests appeared and will continue to appear
9  on Plaintiffs' credit reports for two years. Plaintiffs additionally allege that the inquires
10 have negatively impacted their credit scores and delayed their purchase of a home.

## DISCUSSION

12  "[A] complaint must contain sufficient factual matter, accepted as true, to state
13 a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78
14 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test
15 the sufficiency of this required showing. *N.M. State Inv. Council v. Ernst & Young
16 LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "A claim is facially plausible 'when the
17 plaintiff pleads factual content that allows the court to draw the reasonable inference
18 that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d
19 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

20  Defendant moves to dismiss Plaintiffs' first claim arguing that Plaintiffs have
21 failed to allege the requisite willful conduct to support a claim for willful violation of
22 the FCRA. Defendant asserts that the allegations that Defendant specifically agreed
23 not to run Plaintiffs' credit and then ran it does not reflect a willful violation. Instead,
24 Defendant asks the Court to infer that Defendant mistakenly ran Plaintiffs' credit. At
25 this stage in the case, the Court is not inclined to infer Defendant ran Plaintiffs' credit
26 by mistake when it could just as easily infer that Defendant did so willfully. The
27 allegations that Defendant specifically agreed not to run Plaintiffs' credit, Plaintiffs'
28 conditioning their purchase of an upgrade on avoiding the inquiry, and Defendant

1  running Plaintiffs' credit are facts from which the Court can reasonably infer
2  Defendant's conduct was willful.

3  Defendant also moves to dismiss Plaintiffs' second claim arguing that Plaintiffs
4  have failed to allege the requisite actual damages to support a negligent violation of the
5  FCRA. Defendant asserts, without citation to binding authority, that Plaintiffs are
6  required to identify a specific denial of credit based exclusively on Defendant's
7  conduct. Defendant also challenges Plaintiffs' allegations that Defendant's
8  unauthorized credit inquiry negatively impacted their credit reports, will continue to
9  negatively impact their credit reports for two years, and that the negative impact
10 delayed their purchase of a home. As Plaintiffs acknowledge in Opposition, they will
11 ultimately be required to prove the truth of these allegations and the extent of the injury
12 suffered. However, accepting these allegations as true, as the Court must in
13 considering a motion to dismiss, Plaintiffs have sufficiently alleged actual damages in
14 support of their claim.

## CONCLUSION

16 Defendant's motion to dismiss is **DENIED**. Defendant shall file an Answer to
17 the FAC on or before **December 22, 2014.**

19 **IT IS SO ORDERED.**

21 DATED: December 4, 2014

Hon. Roger T. Benitez
United States District Judge